UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN DOOLITTLE (#109680)

VERSUS                                          CIVIL ACTION

SHERMIEKA JARVIS, ET AL                         NUMBER 09-951-JJB-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 6, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN DOOLITTLE (#109680)

VERSUS                                                CIVIL ACTION

SHERMIEKA JARVIS, ET AL                               NUMBER 09-951-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Shermieka Jarvis, Lt. Landry, Asst. Warden Jimmy Smith, Capt. Smith and Linda Ramsey.  Plaintiff alleged that he was served spoiled food and was denied medication in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**Food Poisoning**

Plaintiff alleged that on November 16, 2008, the inmate population was served a dressing which contained spoiled chicken.  Plaintiff alleged that although inmate cooks advised against using the chicken, Asst. Warden Landry instructed them to prepare the meal using the questionable chicken.  Plaintiff alleged that after consuming the tainted dressing he experienced abdominal pain and diarrhea for several days.  Plaintiff alleged that Asst. Warden Landry subjected him to cruel and unusual punishment.

A single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners.  *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988).

**Deliberate Indifference**

Plaintiff alleged that medications are dispensed at scheduled pill calls which occur four times per day.  Plaintiff alleged that on December 24, 2008, Sgt. Jarvis refused to give him three doses of his blood pressure medication after he arrived late for the third pill call.  Plaintiff alleged that he complained to Capt. Smith who sided with Sgt. Jarvis.  Plaintiff alleged that the following day, he once again arrived late for pill call and was not given his blood pressure medication.  Plaintiff alleged that he declared himself a medical emergency and was allowed to go to the emergency room at the prison infirmary where he received treatment.  Plaintiff alleged that medical personnel contacted Sgt. Jarvis and counseled her on the importance of blood pressure medication.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged deliberate indifference.

Even assuming the plaintiff's allegations are sufficient to satisfy the statutory physical injury prerequisite, the claim is nonetheless frivolous.

A prison official may be held liable under the Eighth

3

Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff acknowledged that Sgt. Jarvis had to be counseled by medical personnel regarding the importance of blood pressure medication. At most, Sgt. Jarvis was negligent.

The due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

**Denial of Administrative Grievance**

Finally, the plaintiff alleged that he filed an administrative grievance complaining about Sgt. Jarvis' action which was denied by Assistant Warden Smith and Ramsey.

Plaintiff does not have a constitutional right to receive a favorable response to his administrative grievance.

**Conclusion**

Because it is clear that the plaintiff's complaint has no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e).

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e).

Baton Rouge, Louisiana, January 6, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE